Edward Y. HOFFMAN

v.

Margaret HECKLER, Secretary of Health and Human Services.

Civ. A. No. 84–3186.

United States District Court,
E.D. Pennsylvania.

March 27, 1987.

Peter J. Pinnola, Philadelphia, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., and Virginia Gibson-Mason, Asst. U.S. Atty.,

Philadelphia, Pa., for defendant; Beverly Dennis, III, Chief Counsel, Region III, and Colette Pete, Asst. Regional Counsel, Dept. of Health & Human Services, Philadelphia, Pa., of counsel.

## MEMORANDUM AND ORDER

KATZ, District Judge.

I write this Memorandum and Order to reject a unique government contention that the right to a legal fee under the Equal Access to Justice Act dies with the aggrieved party. Since I cannot find a case rejecting this notion, I will dispose of the contention.

## ORDER

AND NOW, this 27th day of March, 1987, it is ORDERED pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2142, ("EAJA") attorney's fees are awarded in the amount of $3,583 to the authorized representative of plaintiff's estate.

Payment shall be made within thirty (30) days from the date of the Order, with interest to accrue thereafter if payment is not made by such a date. If letters of administration or letters testamentary have not been issued, an estate shall be raised forthwith. I find:

1. This Title II disability benefits case was resolved in plaintiff's favor after a second administrative hearing upon remand from this Court.

2. 28 U.S.C. § 2412(d) authorizes this court to award attorney's fees to prevailing parties against the federal government when the government's position denying benefits entitlements was not substantially justified. The government's position defending the various administrative decisions denying of benefits was without substantial justification. This is not contested by the government.

■ 3. Inflation and the value of the services performed justifies an upward adjustment of the statutory award of $75.00 per hour, to $87.43 per hour, dating back to the original enactment of the EAJA in Oc-

tober, 1981. *See Hirschey v. F.E.R.C.*, 777 F.2d 1, 5 (D.C.Cir.1985); *Jackson v. Heckler*, 629 F.Supp. 398, 405 (S.D.N.Y.1986); *Leopold v. Heckler*, No. 83–3707 (E.D.Pa. January 27, 1986) [Available on WEST-LAW, DCT database].

■ 4. Defendant argues that since the original plaintiff in this case, Edward Hoffman, is deceased, plaintiff's counsel has no right to bring an action for attorney's fees on behalf of substituted party, Sara Hoffman, who represents the interests of the deceased applicant. Defendant provides neither precedent nor reason to support its position that the application for attorney fees must fail. Contrary to defendant's assertion, including the estate of a party in the statutory entitlement would further the EAJA's intent "to remedy the imbalance of means that has been thought to deter impecunious litigants from seeking review of, or defending against, unreasonable governmental action.... [and] to reduce the effect of the disparity in resources." *Citizens Council of Delaware County v. Brinegar*, 741 F.2d 584 (3d Cir.1984), *citing* H.Rep. No. 1418, 96th Cong., 2d Sess. 5–6, 9–10 (1980), reprinted in 1980 U.S.Code Cong. & Ad.News at 4953, 4984, 4988–89. Precluding attorneys from receiving attorney's fees if their clients died before the filing of attorney's fees motions would discourage attorneys from representing sick people entitled to benefits. This would not encourage reasonableness by government agencies. *See Brown v. Secretary of Health & Human Services*, 747 F.2d 878, 881 (3d Cir.1984).