**Lester COHEN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1231.

United States Court of Veterans Appeals.

May 3, 1995.

6

Before NEBEKER, Chief Judge, and MANKIN and HOLDAWAY, Judges.

## ORDER

PER CURIAM.

On consideration of the motion to substitute Michael Cohen as a party to the appellant's application for attorney fees under the Equal Access to Justice Act (EAJA), the appellee's motion to compel production of contemporaneously prepared time sheets, and the appellant's opposition thereto, and for the reasons set forth below, it is

ORDERED that the motion to substitute Michael Cohen as the appellant in this matter is granted. It is further

ORDERED that the motion to compel production of contemporaneously prepared time sheets is denied. It is further

ORDERED that, within 20 days of the date of this order, the Secretary shall submit a response to the application for fees.

PER CURIAM: On January 27, 1993, the Court granted the Secretary's motion to remand the underlying case to the Board of Veterans' Appeals. Jurisdiction was retained for the sole purpose of preserving the appellant's potential right to file a petition for attorney fees under EAJA. An application for award of attorney fees was filed on June 17, 1994.

### I. Substitution of Parties

On September 1, 1994, counsel for the appellant filed a motion to substitute Michael Cohen, the appellant's adult son, because the appellant died on August 5, 1994. *See* U.S.Vet.App.R. 43. The Court requested that the parties submit supplemental memoranda regarding whether an application for EAJA fees may be maintained after the death of the appellant. In *Landicho v. Brown*, 7 Vet.App. 42 (1994), a three-judge panel of this Court held that the death of a veteran during the pendency of an appeal divests the Court of jurisdiction to adjudicate a substituted survivor's accrued benefits claim. Preliminarily, we conclude that *Landicho* does not control our analysis here. In that case, the Court considered its jurisdiction under chapter 11, title 38, United States Code, and held that the "overall statutory scheme ... creates a chapter 11 disability compensation benefit that does not survive the eligible veteran's death." *Id.* at 47. Additionally, the Court noted that there are separate procedures available under title 38 by which qualified survivors of veterans may seek certain other benefits. *Ibid; see* 38

U.S.C. §§ 1310, 5121. The case now before us differs from *Landicho,* as here the Court had jurisdiction of the underlying benefits case and had issued a decision prior to the appellant's death. Thus, we must address whether, under the separate statutory framework of EAJA, the right to a fee award survives the death of the aggrieved party.

EAJA provides that

a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The statute is silent with regard to whether an EAJA claim survives the death of the aggrieved party. Generally, however, a cause of action based on a statute having a remedial purpose, such as EAJA, will be held to have survived the death of a party. *See Schreiber v. Sharpless,* 110 U.S. 76, 80, 3 S.Ct. 423, 424, 28 L.Ed. 65 (1884) (holding that, where a party has died, a penal statute abates while a remedial statute survives).

The legislative history and purpose of EAJA support allowance of substitution in such cases. As the Supreme Court has stated, "Congress passed the EAJA in response to its concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.'" *Sullivan v. Hudson,* 490 U.S. 877, 883, 109 S.Ct. 2248, 2253, 104 L.Ed.2d 941 (1989) (quoting EAJA, Pub.L. No. 96–481, § 202, 94 Stat. 2325 (1980) (codified at 5 U.S.C. § 504 note)). In construing the requirements of the statute, awards should be available where the burden of attorney fees would have deterred the litigation challenging the government's actions. *S.E.C. v. Comserv Corp.,* 908 F.2d 1407, 1415–16 (8th Cir.1990). Additionally, the District Court for the Eastern District of Pennsylvania has allowed substitution of par-

ties in an EAJA matter, after rejecting the "unique government contention that the right to a legal fee under [EAJA] dies with the aggrieved party." *Hoffman v. Heckler,* 656 F.Supp. 1136, 1137 (E.D.Pa.1987). The parties cite no authority for a holding contrary to that in *Hoffman,* and we can find none. In support of its decision, the district court stated, "Precluding attorneys from receiving attorney's fees if their clients died before the filing of attorney's fees motions would discourage attorneys from representing sick people entitled to benefits." *Ibid.* It is equally true, in the context of veterans benefits cases, that precluding the award of EAJA fees where a veteran has died would discourage representation of disabled, ailing, or aging veterans. Congress did not intend such a result.

■ The Court holds that the death of the appellant is not a jurisdictional bar to its consideration of an otherwise proper EAJA application, where the appellant had prevailed on the merits of the benefits claim prior to his death. Thus, pursuant to U.S.Vet.App.R. 43(a)(2), "the personal representative of the deceased party's estate or any other appropriate person" may be substituted as the "prevailing party" to whom payment of an EAJA award may be made. *See* 28 U.S.C. § 2412(d)(1)(A). Substitution of the estate or an appropriate survivor is the best method of proceeding in a case such as this, as it has been held that the attorney may not directly claim the fee award. *See Phillips v. General Services Admin.,* 924 F.2d 1577, 1582 (Fed.Cir.1991) (holding that "any fee award is made to the 'prevailing party,' not the attorney"). The Court notes, however, that the Federal Circuit's decision in *Phillips* does not require any change in VA's current practice of making EAJA payments, whereby a check is made payable to the prevailing party *and* the attorney.

## II. Motion to Compel Production of Contemporaneously Prepared Time Sheets

■ As an attachment to his application for attorney fees, the appellant's counsel filed his sworn declaration of hours expended in preparation of the appellant's appeal. This

declaration provides a detailed, three-page list of the dates, number of hours, and the nature of the work performed. The total fee claimed is $9,475.20 for eighty hours of legal work. EAJA provides that an application for fees must include "an itemized statement from any attorney ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Contrary to the Secretary's position, submission of contemporaneously prepared time sheets is not a statutory requirement under EAJA. Rather, the relevant question is whether an attorney's itemized statement provides sufficient detail to permit a determination regarding the reasonableness of the fees claimed. The cases cited by the Secretary in support of the motion to compel are factually inapposite, and actually support denial of the motion in this case. *See, e.g., Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983) (holding that party seeking award should submit evidence and adequate documentation of the hours worked and the rates claimed); *Owen v. United States,* 861 F.2d 1273 (Fed.Cir.1988) (holding that documentation was deficient, where counsel provided total amounts summarizing over one hundred hours of work); *Naporano Iron and Metal Co. v. United States,* 825 F.2d 403 (Fed.Cir. 1987) (holding that documentation was inadequate, where counsel provided only monthly billing totals for legal services); *see also Beta Systems v. United States,* 866 F.2d 1404, 1406–07 (Fed.Cir.1989) (concluding that government's generalized objection to fee documentation lacked substance, where counsel provided typical billing records, showing time and charges, a description of the work done and by whom). In *TGS Int'l v. United States,* 983 F.2d 229 (Fed.Cir.1993), the Federal Circuit rejected the same objection to a fee application as has been raised here. In that case, the court stated,

> The government objects that contemporaneous time records were not filed with the petition. An itemized computation was filed showing the date, the hours expended, and an identification of the work done in each time increment. The documentation was sworn, in substantial detail, and in standard form; it is sufficient to determine

the reasonableness of the charges. *See Beta Systems,* 866 F.2d at 1406–07; *Naporano Iron,* [825 F.2d at 404–05.]

*Id.* at 230 n. 1. The appellant's counsel is an officer of this Court. His method of time keeping and billing is not on its face unreasonable or questionable. The Court concludes that the application for fees fully complies with the statutory requirement of an itemized accounting. As the Secretary has not pointed to any substantial reason to question the verity or accuracy of the application, the Court will not require counsel to do as the Secretary requests.