# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-2259(E)

CLARA SUE PADGETT, APPELLANT,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before GREENE, *Chief Judge*, and KASOLD and HAGEL,[1] *Judges.*

## O R D E R

Mrs. Clara Sue Padgett,[2] widow of World War II veteran Barney O. Padgett, applies through counsel pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (2009), for an award of attorney fees and expenses in the amount of $87,802.17 for 565.2 hours of attorney work and $650.23 in expenses. The Secretary challenges (1) whether Mrs. Padgett is a prevailing party; (2) whether the position of the Secretary was not substantially justified; and (3) whether the amount of fees and expenses requested are reasonable. For the following reasons, Mrs. Padgett's EAJA application will be granted in the reduced amount of $27,886.67.

## I. BACKGROUND

On December 6, 2002, Mr. Padgett filed a timely appeal of an August 8, 2002, decision of Board of Veterans' Appeals (Board), which denied entitlement to disability benefits for osteoarthritis of the right hip on either a direct, secondary, or presumptive basis, because it was not service connected. Oral argument was held on April 29, 2004, and a panel of the Court set aside and remanded the decision of the Board on July 9, 2004. *See Padgett v. Principi*, 18

---

[1]

This panel of judges was assigned following a separate order, which also dissolved the consideration of this matter by the en banc Court.

[2]

On March 2, 2009, the en banc Court granted Mrs. Padgett's motion to substitute for the veteran as the personal representative of his estate, for the purposes of submitting an EAJA application on his behalf. *See Cohen v. Brown*, 8 Vet.App. 5, 7 (1995).

Vet.App. 188 (2004). However, the Court granted the motion and cross-motion of the Secretary and Mr. Padgett, respectively, for en banc consideration, and the July 2004 decision was subsequently withdrawn. *See Padgett v. Principi*, 18 Vet.App. 404 (2004). On April 19, 2005, the en banc Court reversed the Board's August 2002 denial of service connection for a right-hip disability on a secondary basis, and set aside and remanded Mr. Padgett's claims for a right-hip disability claimed on a direct and presumptive basis. *See Padgett v. Nicholson*, 19 Vet.App. 133 (2005) (en banc).

On April 21, 2005, the Court was notified that Mr. Padgett had died on November 3, 2004. On September 7, 2005, the Court granted the Secretary's motion to withdraw the April 2005 decision, vacated the August 2002 Board decision, denied Mrs. Padgett's motion to substitute, and dismissed Mr. Padgett's appeal for lack of jurisdiction, citing *Landicho v. Brown*, 7 Vet.App. 42 (1994) (a veteran's claims for disability compensation under chapter 11 of title 38, U.S. Code, do not survive a veteran). *See Padgett v. Nicholson*, 19 Vet.App. 334 (2005) (per curiam order withdrawing April 2005 decision).

Mrs. Padgett appealed that decision to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), and subsequently, on January 5, 2007, the Federal Circuit reversed the Court's September 2005 decision, and remanded the matter to the Court to consider the propriety of (1) granting Mr. Padgett nunc pro tunc relief and (2) substituting Mrs. Padgett as the party to the appeal. *See Padgett v. Nicholson*, 473 F.3d 1364, 1371 (Fed. Cir. 2007). On remand, the Court requested reports from the parties regarding the status of Mrs. Padgett's claim for accrued benefits. The Secretary advised the Court that on January 17, 2007, following a "special review," the VA regional office (RO) granted Mr. Padgett service connection for a right-hip disability on a direct basis, and also granted Mrs. Padgett's claim for accrued benefits. Mrs. Padgett did not appeal, and that decision became final.

On July 8, 2008, the en banc Court, inter alia, reissued the April 2005 decision, nunc pro tunc to the day before Mr. Padgett's death and dismissed Mrs. Padgett's motion to substitute in the matter for lack of jurisdiction. *See Padgett v. Peake*, 22 Vet.App. 159 (2008) (en banc) (Hagel and Schoelen, J.J., dissenting).

In the reissued April 2005 decision, the Court noted, inter alia, the deficiencies in the two VA medical examination reports relied upon by the Board. The Court also deemed not

2

plausible, in light of the entire record, the Board's finding that the preponderance of the evidence was against Mr. Padgett's claim for secondary service connection. *See Padgett*, 19 Vet.App. at 150. Because the record was less clear as to entitlement to service connection on a direct or presumptive basis, those claims were set aside and remanded for further adjudication. *Id*. at 151-52. In addition, the April 2005 decision clarified the Court's previous holdings in *Hicks v. Brown*, 8 Vet.App. 417, 422 (1995) and *Hershey v. Derwinski*, 2 Vet.App. 91, 95 (1992), stating that unlike the proposition advanced by the Secretary that a "clearly erroneous" finding of the Board cannot be reversed unless the evidence is "uncontroverted," the Court's caselaw provides that the existence of some controverting evidence does not preclude this Court from either setting aside or reversing a "clearly erroneous" finding of material fact by the Board. *Padgett*, 19 Vet.App. at 147.

## II. ANALYSIS

### A. Preliminary Matters

The Court has jurisdiction to award reasonable fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(B). EAJA fees may be awarded where the application for attorney fees and expenses was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and contains (1) a showing that the appellant is a prevailing party; (2) a showing that the appellant is a party eligible for an award because his net worth does not exceed $2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of the fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). Mrs. Padgett's EAJA application was timely filed and satisfies the EAJA-content requirements. *See Scarborough* and *Cullens*, both *supra*.

### B. Prevailing Party Status

Prevailing-party status is required for an award of fees and expenses under EAJA. *See Vahey v. Nicholson*, 20 Vet.App. 208, 210 (2006). In order to qualify as a prevailing party, the appellant must receive at least "'some relief on the merits of his claim.'" *Sumner v. Principi*, 15 Vet.App. 256, 261 (2001) (en banc) (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001)). It is undisputed that Mr. Padgett

was a prevailing party for the purposes of this application. *See* Secretary's EAJA Response (Sec'y Response) at 6. However, the Secretary contests Mrs. Padgett's assertion in her application that she, individually, also qualifies as a prevailing party for EAJA purposes. *See* Appellant's EAJA Application (App.) at 4.

Mrs. Padgett's assertion that she is a prevailing party appears to be based upon her successful appeal before the Federal Circuit and the Court's subsequent July 2008 decision that, inter alia, reissued the April 2005 decision reversing the Board's previous denial of entitlement to service connection on a secondary basis. Assuming arguendo that she would be considered a prevailing party if this service-connection issue were before us, Mrs. Padgett, nonetheless fails to recognize that she was denied substitution in the underlying matter, *Padgett*, 22 Vet.App. at 165, and that her standing now with regard to this EAJA application is as representative of her husband's estate only. *See Padgett v. Shinseki*, 2009 U.S. App. Vet. Claims LEXIS 254 (Mar. 2, 2009); *see also Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) (an "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim" (citing *Diamond v. Charles*, 476 U.S. 54, 70-71 (1986))); *Swan v. Derwinski*, 1 Vet.App. 20, 22-23 (1990) (appellant must have standing to pursue appeal); *Mokal v. Derwinski*, 1 Vet.App. 12, 13 (1990) (Court adopted jurisdictional restrictions of Article III case-or-controversy rubric).

Although Mrs. Padgett is without standing to seek an EAJA award in her own capacity because she has been substituted for her husband for the purposes of this EAJA application, the Court will continue its inquiry into whether she is entitled to EAJA fees and expenses on his behalf as the personal representative of his estate. *See Cohen*, 8 Vet.App. at 7 (holding that a cause of action based on EAJA will be deemed to have survived the death of the aggrieved party, and "'the personal representative of the deceased party's estate or any other appropriate person' may be substituted as the 'prevailing party' to whom payment of an EAJA award may be made").

## C. Substantial Justification

Because Mrs. Padgett asserts in her EAJA application that the Secretary's position was not substantially justified, the burden shifts to the Secretary to show that the Government's position was substantially justified at both the administrative and litigation stages of the underlying matter. *See Cullens*, *supra*; *Locher v. Brown*, 9 Vet.App. 535, 537 (1996). The

4

Secretary's position will be deemed to have been substantially justified "'if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). Reasonableness of the action is determined based upon the "totality of the circumstances." *Stillwell*, 6 Vet.App. at 302-03.

The Secretary argues his position was substantially justified at both the administrative and litigation stages because (1) "the Board could not have anticipated that the divided [en banc] Court would effectively overturn *Hersey* [, *supra*] and *Hicks* [, *supra*,], and effectively 'strike' some of the medical evidence from consideration," and (2) this change or clarification in caselaw occurred after the Board's decision. Sec'y Response at 7. The Secretary's arguments are misplaced.

Contrary to the Secretary's argument, the basis for the Court's reversal and remand of Mr. Padgett's claims in the underlying appeal was predicated upon the Board's errant reliance on two inadequate VA medical examinations. Specifically, the Court noted that (1) the Board erroneously found both examiners had reviewed Mr. Padgett's claims file; (2) one of the examiners did not physically examine Mr. Padgett; (3) one of the examiner's opinions was not definitive, and in fact, encouraged a more definitive opinion; and (4) neither VA examiner referenced or had knowledge of Mr. Padgett's in-service injury to his right hip, which occurred at the same time as his left knee injury (the occurrence of which the Board accepted). *See Padgett*, 19 Vet.App. at 148-49.

Even acknowledging that the Court's decision altered or overruled then-existing precedent on the "clearly erroneous" standard of review of the Board's findings of fact, the law and regulation are well-established with respect to the Board's duty to assign due weight to the evidence and to return an inadequate medical examination. *See Nieves-Rodriguez v. Peake*, 22 Vet.App. 295, 302 (2008) ("Part of the Board's consideration of how much weight to assign is the foundation upon which the medical opinion is based."); *Bowling v. Principi*, 15 Vet.App. 1, 12 (2001) (emphasizing Board's duty to return inadequate examination report); *DeLuca v. Brown*, 8 Vet.App. 202, 206 (1995) ("When a medical examination report "does not contain sufficient detail," the adjudicator is required to "return the report as inadequate for evaluation purposes." (quoting 38 C.F.R. § 4.2 (1994))); *Ardison v. Brown*, 6 Vet.App. 405 (1994)

5

(concluding that an inadequate medical examination frustrates judicial review); *see also Bonny v. Principi*, 18 Vet.App. 218, 221 (2004) (stating that "in judging reasonableness during the administrative proceedings, the Court looks to the relevant, determinative circumstances, including the state of the law at the time of the Board decision"); *Bac-A v. West*, 13 Vet.App. 308, 311 (2000) (providing that even prior to the Court's clarification of the caselaw governing compliance with Board remands, "there was ample regulatory language and case law requiring the Board to assure that its adjudication was undertaken only after the compilation of an adequate record").

Additionally, the Secretary has not demonstrated how the manner in which the Court reviews the Board's findings of fact is in any way relevant to the Board's responsibility to ensure that the Secretary carries out his obligation to assist the veteran in processing his claim, to return a medical opinion where it is inadequate, and provide an adequate statement supported by a reasonable basis in both fact and in law. *See Pierce*, 487 U.S. at 565 (holding that for the administrative position of the Government to be "substantially justified," it must have a "reasonable basis both in law and fact"); *Douglas v. Shinseki*, 23 Vet.App. 19, 26 (2009) (Secretary has "affirmative duty to gather the evidence necessary to render an informed decision on the claim"); *see also Cullens*, 14 Vet.App. at 237 (noting burden on Secretary to prove substantial justification in administrative and litigation positions); *Evans v. West*, 12 Vet.App. 22, 31 (1998) (Court will give no consideration to a "vague assertion" or an "unsupported contention").

Moreover, as noted by Mrs. Padgett, the Secretary failed to take any position on the Court's "clearly erroneous" standard of review at the administrative stage of the proceedings, but rather the Secretary only took such a position on the issue after the Board rendered its decision and Mr. Padgett had filed his initial appeal to the Court. *See generally Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 146 (1991) (holding that agency litigating positions are not entitled to judicial deference when they are merely "post-hoc rationalizations" for agency action and are advanced for the first time on appeal).

Based on the totality of the circumstances, the Secretary has not demonstrated that his position was substantially justified at the administrative stage, and therefore, Mrs. Padgett is entitled to an award of EAJA fees on behalf of her husband. *See Stillwell*, *supra*; *ZP v. Brown*,

8 Vet.App. 303, 304 (1995) (per curiam order) (Board not substantially justified in failing to comply with applicable and established Court precedent); *see also Cycholl v. Principi*,

15 Vet.App. 355, 357 (2001) (Court need not address the Secretary's position at the litigation stage where the Secretary failed to carry his burden of demonstrating that his position was substantially justified at the administrative stage); *Bac-A*, 13 Vet.App. at 311 ("To determine whether an award of EAJA fees is appropriate in a given case, the Court must first determine what the reason for the remand was.").

D. Reasonableness of Fees Requested

Once it is established that an appellant is entitled to an EAJA award, the Court must then determine the reasonableness of the EAJA fees claimed. *See Uttieri v. Brown*, 7 Vet.App. 415, 418 (1995) ("once a claimant has met the predicate requirements for an award of EAJA fees, the Court is still faced with the question of . . . what constitutes a 'reasonable' fee"). Only reasonable fees and expenses may be awarded under EAJA. 28 U.S.C. § 2412(d); *Ussery v. Brown*,

10 Vet.App. 51, 53 (1997) ("Once it is determined that a claimant is entitled to an EAJA award, the Court still must determine what is a 'reasonable' fee."); *see also McDonald v. Nicholson*,

21 Vet.App. 257, 263-64 (2007) ("In determining reasonableness, the Court will consider whether the hours claimed are (1) unreasonable on their face; (2) otherwise contraindicated by the factors for determining reasonableness itemized in *Hensley* [*v. Eckerhart*], [461 U.S. 424, 430 n.3 (1983)], or *Ussery*, [ *supra*]; or (3) persuasively opposed by the Secretary."). Moreover, it is the appellant's burden to demonstrate the reasonableness of his request for fees and other expenses. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984) (applicant has the "burden of showing that the claimed rate and number of hours are reasonable").

The Secretary argues (1) that an application for $87,802.71, is unreasonable in comparison to the $58,525, that Mrs. Padgett received on her accrued benefits claim, and (2) Mr. Padgett's estate is not entitled to an award for work conducted after his death because those hours and expenses were separately expended on behalf of Mrs. Padgett's claim.

The Secretary's argument that the amount of fees and expenses requested is per se unreasonable when compared with the amount actually received is an incorrect statement of the law. Rather, while the monetary reward that a litigant recovers is a *factor* to be considered in the award of attorney fees, proportionality alone does not render an EAJA award unreasonable. *See*

7

*generally City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). Instead, the reasonableness of each EAJA application is determined by the Court on a case-by-case basis. *See Hensley*, 461 U.S. at 429 (amount of the fee must be determined on the facts of each case); *Baldridge v. Nicholson*, 19 Vet.App. 227, 233 (2005) (same); *see also Vidal v. Brown*, 8 Vet.App. 488, 493 (1996) ("[E]ach case stands on its own evaluation and is not easily comparable with any other case.").

Moreover, Congress in extending to veterans an equal opportunity to seek judicial redress under EAJA, recognized the potential for a disproportionate award when noting, inter alia, that "the dollar amounts involved are usually not large enough to attract an attorney on a contingency basis." 138 CONG. REC. E. 2436, 2437 (Aug. 10, 1992) (statement of Rep. Edwards); *see also Carpenter v. Principi*, 15 Vet.App. 64, 75 (2001) ("'The objective of EAJA is to eliminate financial deterrents to individuals attempting to defend themselves against unjustified government action. Veterans are among the types of individuals the statute was intended to help.'" (quoting *Abbs v. Principi*, 237 F.3d 1342, 1347 (Fed. Cir. 2001) (quoting H.R. REP. NO. 102-1006, at 25 (1992)))). In this context, the Court has never held that an EAJA application is per se unreasonable because the monetary amount sought for attorney work outweighs the amount actually recovered by the veteran; but instead, the Court has used its discretion to determine what is a reasonable fee under the circumstances in each case. *See Chesser v. West*, 11 Vet.App. 497, 501 (1998) ("Court has wide discretion in the award of attorney fees under the EAJA."); *Ussery*, 10 Vet.App. at 53 (Court "must determine what is a 'reasonable' fee"); *see also Sandoval v. Brown*, 9 Vet.App. 177, 181 (1996) (holding that unsupported allegations by the Secretary that time expended was excessive are insufficient to justify a reduction).

However, because Mrs. Padgett has standing in this matter only as representative of her husband's estate, the Court agrees that she is not entitled to an EAJA award for the work and expenses expended after her husband's death – matters for which, as previously noted – she was denied standing.

The Secretary does not argue that the 201 attorney work hours spent on Mr. Padgett's claim before his death are excessive or unreasonable. *See* Sec'y Response at 14. Moreover, the Secretary does not object to the $140 claimed for expenses. On the other hand, Mrs. Padgett has submitted an itemized fee statement from counsel for her deceased husband that details the

8

extensive hours spent and expenses incurred in the progression of his appeal. These hours and expenses are reasonable on their face and will be awarded. *See Baldridge* and *Sandoval*, both *supra*; *see also Hensley*, 461 U.S. at 437 ("[C]ourt has discretion in determining the amount of a fee award.").

### III. CONCLUSION

Upon consideration of the foregoing, it is

ORDERED that the appellant's EAJA application is GRANTED in the reduced amount of $27,886.67.

DATED: December 16, 2009                                   PER CURIAM.

KASOLD, Judge, concurring in the result: I write separately to note that Mrs. Padgett did not appeal the Court's decision denying her substitution in the underlying merits appeal, and that decision therefore became final. *See Jackson v. Shinseki*, 23 Vet.App. 27, 31 (2009) (mandate of the Court is "evidence that a judgment has become final" (quoting U.S. VET.APP. R. 41)); *Kiddey v. Shinseki*, 22 Vet.App. 367, 370 (2009) (applications for EAJA fees must be submitted to the Court "within thirty days of final judgment in the action" (quoting 28 U.S.C. § 2412(d)(1)(B))); *see also Padgett v. Peake*, 22 Vet.App. 159, 168-69 (2008) (Kasold, J., concurring in the result) (expressing the view that Mrs. Padgett had a legitimate interest in sustaining the en banc opinion such that the matter was not moot and therefore she should have been substituted for her deceased husband). Moreover, because Mrs. Padgett was granted substitution as the personal representative of her husband's estate only, the fees and expenses incurred in her own representative capacity after Mr. Padgett's death cannot now be considered a proper part of this EAJA application. Accordingly, I concur in the determination that Mrs. Padgett is not entitled to an EAJA award for the time and expenses incurred after her husband's death. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("'Hours that are not properly billed

9

to one's client are not properly billed to one's adversary pursuant to statutory authority.'" (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc))).

Copies to:

Christine M. Cote, Esq.

Louis J. George, Esq.

VA General Counsel (027)