# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 15-3191(E)

CATHERINE CORNELL, APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

BOBBY S. MOBERLY, INTERVENOR.

Before DAVIS, *Chief Judge*, and GREENBERG and ALLEN, *Judges.*

## O R D E R

On May 31, 2019, a panel of the Court granted intervenor Bobby S. Moberly's July 6, 2018, application, pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d), for an award of attorney fees and expenses in the amount of $13,661.17. On June 3, 2019, Mr. Moberly filed a supplemental EAJA application in the amount of $6,639.92, related to the work in defending his primary EAJA application before the Court. On June 20, 2019, the Secretary filed a motion for full-court consideration of the May 31, 2019, panel order. Further, on June 24, 2019, the Secretary stated that he did not contest the supplemental EAJA application beyond the objections to the primary EAJA application he had stated in his motion for full-court consideration.

On August 16, 2019, the Court received notice that the intervenor had died on June 20, 2019; a copy of the death certificate accompanied the notice. Accordingly, on August 26, 2019, the Court ordered Mr. Moberly's counsel to file within 30 days either a motion to substitute an eligible individual for EAJA purposes or a response stating that no eligible EAJA substitute could be located and describing efforts taken to seek a substitute. In this order the Court further held the Secretary's motion for en banc review in abeyance.

In his September 25, 2019, response, Mr. Moberly's counsel stated that, after discussions with Mr. Moberly's son Larry, counsel had prepared a retainer agreement for the intervenor's widow, the receipt of which was acknowledged. But "[s]ince that last communication there has been no response to numerous emails and telephone calls, or a certified letter sent to the last known address."[1] The response continued:

> Based on the above and previous discussions with Larry Moberly, undersigned surmises that neither Mrs. Moberly or Larry Moberly are able or willing to serve as a substitute. Mrs. Moberly is reportedly too frail to do so. Larry Moberly had previously reported suffering from significant health issues, including a recent hospitalization, and that he has been consumed with the responsibilities of his

---

[1] Response to Court's Aug. 26, 2019, order at 2.

mother's care while also managing the affairs of his father's estate. He is likely unable or unwilling to further participate in this matter because of his current circumstances.[2]

If the intended recipient of EAJA fees, here the intervenor, dies after a merits decision has issued but before payment is made, a personal representative of the intervenor's estate or "any other appropriate person"[3] may be substituted for the purposes of prosecuting an EAJA matter.[4]

Intervenor Moberly's counsel has stated, however, that a suitable substitute is not available. The Court must therefore revoke its May 31, 2019, order awarding EAJA fees and dismiss the EAJA application. The Court expresses its sympathy with intervenor's counsel, and acknowledges the work done on this case. Under these circumstances, however, the Court has no alternative.

Upon consideration of the foregoing, it is

ORDERED that the Court's May 31, 2019, order granting an EAJA award is revoked. It is further

ORDERED that the Secretary's June 20, 2019, motion for full-court consideration is dismissed as moot. It is further

ORDERED that the July 6, 2018, EAJA application is dismissed. It is further

ORDERED that the June 3, 2019, supplemental EAJA application is dismissed.


DATED: October 15, 2019                                      PER CURIAM.

---

[2] *Id.*

[3] U.S. VET. APP. R. 43(a)(2).

[4] *See Phillips v. Shinseki*, 581 F.3d 1358, 1367-68 (Fed. Cir. 2009) (citing *Cohen v. Brown*, 8 Vet.App. 5, 7 (1995)).