Charles W. SWAN, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 89–75.

United States Court of Veterans Appeals.

Submitted May 14, 1990.

Decided Aug. 10, 1990.

and Thomas A. McLaughlin, on the response, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

NEBEKER, Chief Judge:

Appellant seeks an order directing the appellee (hereinafter "the Secretary") to supplement the record on appeal with the rulemaking record and all legislative facts associated with 38 C.F.R. § 4.16(c) (1989). Because he does not have standing to question the validity of § 4.16(c), appellant's motion for an order is denied.

On September 26, 1989, the Board of Veterans' Appeals (hereinafter "BVA") issued a decision affirming a rating decision that reduced appellant's schedular evaluation for service-connected schizophrenia, paranoid type, from 100 percent to 70 percent. On December 15, 1989, appellant filed a Notice of Appeal with the Court. He asserts that the BVA's decision is clearly erroneous. On February 11, 1990, the Secretary designated the record on appeal, and on February 22, 1990, appellant filed a statement that he was satisfied with the designated record. When appellant filed his brief with the Court on May 10, 1990, he attempted to raise an additional issue: whether 38 C.F.R. § 4.16(c) should be set aside as arbitrary, capricious and an abuse of discretion. On May 14, 1990, appellant filed a Motion for Order to Supplement the Record on Appeal with

> the rulemaking record and all legislative facts associated with § 4.16(c), circulars, manuals, etc., which implement and comment on the policy promulgated in § 4.16(c), and any available statistical data showing a comparison of allowance rates for total ratings for unemployable, mentally disabled veterans both before and after institution of the policy in question.

Appellant's Motion, at 3. Appellant asserts that the requested material is necessary to challenge the validity of § 4.16(c). Appellant's Motion, at 2.

Rick Surratt (non-attorney practitioner), on the motion, for appellant.

Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, then Acting Asst. Gen., Counsel,

Compensation for service-connected disability is based on ten grades of disability established by a schedule of ratings, which the Secretary is directed to adopt and apply. 38 U.S.C.A. § 355 (West Supp.1990). Ratings are based on the average impairment of a veteran's occupational earning capacity. *Id.* Hence, a veteran assigned a schedular rating of 100 percent is deemed totally disabled. It is the policy of the Department of Veterans Affairs that veterans be rated totally disabled where service-connected disabilities prevent them from securing "a substantially gainful occupation." 38 C.F.R. § 4.16(b) (1989).

To this end, § 4.16(a) and § 4.16(c) provide total disability compensation where a person who fails to meet the schedular rating percentage is, nevertheless, unable to secure "a substantially gainful occupation." Section 4.16(a) provides:

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities: *Provided That,* if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more.

38 C.F.R. § 4.16(a) (1989). Section 4.16(c) provides that § 4.16(a) shall not apply

in cases in which the only compensable service-connected disability is a mental disorder assigned a 70 percent evaluation, and such mental disorder precludes a veteran from securing or following a substantially gainful occupation. In such cases, the mental disorder shall be assigned a 100 percent schedular evaluation under the appropriate diagnostic code.

38 C.F.R. § 4.16(c). Therefore, § 4.16(c) produces the same effect for unemployable, mentally disabled veterans as § 4.16(a) does for other unemployable, disabled veterans, but by a different method: subsection (a) assigns total disability where the schedular rating is less than 100 percent; subsection (c) increases the schedular rating to 100 percent (hence, assigning total disability) where the schedular rating is at least 70 percent.

Appellant assumes the anomalous position of attacking the validity of § 4.16(c), which he also argues "should have been used" in adjudicating his claim. Appellant's Motion, at 2. Appellant argues that (i) § 4.16(c) has "inhibited" mentally disabled veterans in general from obtaining a total disability rating because it "sends the message" that total disability ratings under § 4.16(a) are barred for unemployability due to mental disability; (ii) mentally disabled veterans in general are "not made aware of ... total schedular ratings for unemployability" under § 4.16(c); and (iii) adjudicators, as demonstrated by this case, have failed to apply § 4.16(c) when the veteran does not meet the 100 percent schedular criteria. Appellant's Brief, at 23.

Appellant requests that the Court set aside § 4.16(c) as arbitrary, capricious and an abuse of discretion, which is within the Court's scope of review. *See* 38 U.S.C.A. § 4061(a)(3)(A) (West Supp.1990) (The Court's scope of review extends to setting aside "regulations issued or adopted by the [Secretary] ... found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."). However, the scope of review is subject to the requirement of § 4066(a) that "[i]n order to obtain review by the Court of Veterans Appeals of a final [BVA] decision," the appellant must be a *"person adversely affected* by [the BVA's] action." *See* 38 U.S.C.A. § 4066(a) (West Supp.1990) (emphasis added).

The required showing of adverse effect parallels the Article III "case or controversy" requirement that a litigant have standing, which "is perhaps the most important of [the 'case or controversy'] doctrines." *Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). We previously have held that this Court, although an Article I court, will

adhere to the Article III "case or controversy" limitation. *See Mokal v. Derwinski,* 1 Vet.App. 12, 13 (1990). We conclude that appellants are required both by § 4066(a) and *Mokal* to have standing.

The doctrine of standing requires that a litigant have a "personal stake in the outcome of the controversy," *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962), the purpose of which is to insure that issues are "presented in an adversary context and ... [are] capable of resolution through the judicial process." *Flast v. Cohen,* 392 U.S. 83, 101, 88 S.Ct. 1942, 1953, 20 L.Ed.2d 947 (1968). In order to establish standing, the litigant must show "personal injury fairly traceable to the ... unlawful conduct and likely to be redressed by the requested relief." 468 U.S. at 751, 104 S.Ct. at 3324 (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982)).

■ Appellant's argument that mentally disabled veterans in general are "inhibited" by misconstruing § 4.16(c), by not being informed of its provisions, or by its not being properly applied does nothing to establish that the appellant himself was adversely affected or has a personal stake in setting aside the regulation. In fact, appellant does not argue that he was adversely affected by § 4.16(c), but that the BVA should have applied it in adjudicating his claim, an issue which he is free to raise on appeal without challenging the validity of the regulation. Indeed, it appears that § 4.16(c), far from harming the appellant, operates in his favor. Since appellant has not been adversely affected by § 4.16(c), he does not have standing to question its validity. The Motion to Supplement is denied and the appeal shall proceed without consideration of the validity of § 4.16(c).