Steve M. **CORCHADO**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 90–897.

United States Court of Veterans Appeals.

Submitted Dec. 7, 1990.

Decided March 5, 1991.

Joseph A. Violante, Washington, D.C., was on the pleadings, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, Washington, D.C., and Michael R. Smalls, Capitol Heights, Md., were on the pleadings, for appellee.

Before FARLEY, MANKIN and STEINBERG, Associate Judges.

FARLEY, Associate Judge:

The Secretary of Veterans Affairs (Secretary) has moved to dismiss this appeal for lack of subject-matter jurisdiction. We hold that the Court has subject-matter jurisdiction under 38 U.S.C. § 4052(a) to hear this appeal. Furthermore, we hold that appellant has standing because he was "adversely affected" by the May 2, 1990, Board of Veterans' Appeals (BVA) decision even though it granted him some benefits. Accordingly, the Secretary's Motion To Dismiss, To Stay Further Proceedings And To Set Aside Previous Order To Designate The Record is denied. The Secretary is ordered to file a designation of the record within 30 days after the date of this opinion.

## I.

On May 2, 1990, the BVA granted appellant an increased rating from 10 percent to 30 percent after concluding that "[t]he schedular criteria for a 30 percent evaluation ... have been met." *Steve M. Corchado*, loc. no. 016940, at 6 (BVA May 2, 1990). Appellant, through his attorney, filed a timely Notice of Appeal with the Court on August 30, 1990. Appellant did not seek here or below a precise disability rating or a specific percentage. In his statement of issues filed on September 12, 1990, appellant indicated that he was appealing the error of the BVA in "denying an increased rating." On September 17, 1990, the Court issued an order requiring the Secretary of Veterans Affairs to file a designation of the record on appeal within 30 days. *See* U.S. Vet.App.R. 10 (Interim).

On October 17, 1990, the Secretary filed a Motion To Dismiss, To Stay Further Proceedings And To Set Aside Previous Order To Designate The Record. The Secretary contends that, because the BVA on May 2, 1990, granted appellant "a favorable final decision", the Court lacks subject-matter jurisdiction to hear an appeal under 38 U.S.C. § 4052 (1988) and 38 U.S.C. § 4066 (1988). The Secretary notes that appellant could reopen his claim for an increased rating at the Department of Veterans Affairs Regional Office.

On October 29, 1990, appellant filed a memorandum in opposition to appellee's motion. Appellant contends that he was adversely affected by the BVA's decision, because the BVA granted him only a part of the benefits to which he was entitled and that the Secretary's argument concerning reopening his claim is irrelevant to the issue of standing. The Secretary argues that because Mr. Corchado received a "favorable" BVA decision in the sense that he received some benefits, this Court does not have subject-matter jurisdiction over appellant's appeal. The Secretary's argument, however, confuses two distinct issues: subject-matter jurisdiction and standing; each must be analyzed and determined separately. *See Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978).

## II.

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). Congress, through its enactments, defines the subject matters over which a federal court may exercise its jurisdiction. 456 U.S. at 701–02, 102 S.Ct. at 2103–04. "Subject-matter jurisdiction defines the court's authority to hear a given type of case...." *United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984). Congress granted this Court subject-matter jurisdiction over "decisions of the Board of Veterans' Appeals" in which Notices of Disagreement were filed on or after November 18, 1988. 38 U.S.C. § 4052(a) (1988); Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (VJRA). (Of course, this Court also has jurisdiction to hear actions brought under the All Writs Act, 28 U.S.C. § 1651(a) (1988). *See Erspamer v. Derwinski*, 1 Vet. App. 3 (1990), *appeal dismissed per agreement of the parties*, No. 90–7001 (Fed.Cir. June 28, 1990).)

Since appellant is appealing from a BVA decision and there is no indication that he did not file a qualifying Notice of Disagreement (NOD) (the record before us does not contain any reference to an NOD date; according to the BVA decision, the rating decision appealed to the BVA occurred in October 1988, *Steve M. Corchado*, loc. no. 016940, at 2 (BVA May 2, 1990)), we hold that this Court has subject-matter jurisdiction under 38 U.S.C. § 4052(a) to hear his appeal.

### III.

Although the Secretary's argument is couched in terms of subject-matter jurisdiction, he is, in reality, arguing that appellant does not have standing to have his claim heard by the Court. Standing, which concerns the capacity of a potential litigant to bring a suit, is wholly distinct from subject-matter jurisdiction. As the Supreme Court has stated: "The requirement of standing 'focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated.'" *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 484, 102 S.Ct. 752, 765, 70 L.Ed.2d 700 (1982) (quoting *Flast v. Cohen*, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968)). Standing is rooted in the Constitution's Article III "case and controversy" requirement. *Valley Forge Christian College*, 454 U.S. at 471–76, 102 S.Ct. at 757–61.

This Article I Court has held that we will adhere to the Article III "case or controversy" limitation. *Mokal v. Derwinski*, 1 Vet.App. 12, 13 (1990). In *Mokal*, the appellant's standing was assumed and the Court dealt with the issue of the capacity of the appellant's custodian to pursue remedies before the Court. Subsequently, in *Swan v. Derwinski*, 1 Vet.App. 20 (1990), the Court addressed the standing question left open in *Mokal* and definitively held that an appellant who files an appeal with this Court is required to have standing. *Swan*, at 22–23. The Court concluded:

> The doctrine of standing requires that a litigant have a "personal stake in the outcome of the controversy," *Baker v. Carr*, 369 U.S. 186, 204 [82 S.Ct. 691, 703, 7 L.Ed.2d 663] (1962), the purpose of which is to insure that issues are "presented in an adversary context and ... [are] capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 101 [88 S.Ct. 1942, 1953, 20 L.Ed.2d 947] (1968). In order to establish standing, the litigant must show "personal injury fairly traceable to the ... unlawful conduct and likely to be redressed by the requested relief." [*Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984)] (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 [102 S.Ct. 752, 758, 70 L.Ed.2d 700] (1982)).

*Swan*, at 23.

The decision that litigants must have standing was based on the Court's adoption of the Article III "case or controversy" limitation and the language of 38 U.S.C. § 4066(a) (1988). *Swan*, at 22–23. Section 4066(a) provides in pertinent part: "In order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans' Appeals, a person *adversely affected* by that action must file a notice of appeal with the Court." (Emphasis added).

The term "adversely affected" is not defined in the statute. The Supreme Court, however, recently discussed the meaning of "adversely affected" in *Lujan v. Nat'l Wildlife Fed'n*, ⸺ U.S. ⸺, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The Court wrote:

> [T]o be "adversely affected or aggrieved ... within the meaning" of a statute, the plaintiff must establish that the injury he complains of (*his* aggrievement, or the adverse effect *upon him*) falls within the "zone of interests" sought to be protected by the statutory provision whose violation forms the legal basis for his complaint. *See Clarke v. Securities In-*

*dustry Assn.*, 479 U.S. 388, 396–397, 107 S.Ct. 750, 755–756, 93 L.Ed.2d 757 (1987). *Lujan v. Nat'l Wildlife Fed'n*, 110 S.Ct. at 3186 (emphasis in original).

Claimants seeking veterans' benefits clearly fall within the "zone of interests" sought to be protected by veterans' benefits statutes. *See, e.g.,* 38 U.S.C. §§ 310, 321, 331, 341 (1988). Indeed, it cannot be disputed that appellant here was "the subject of the contested regulatory action." *Clarke v. Sec. Indus. Ass'n*, 479 U.S. at 399, 107 S.Ct. at 757.

In enacting the VJRA, which created this Court and provided veterans with the right to seek judicial review of Department of Veterans Affairs (VA) administrative adjudications, Congress was aware of existing VA regulations governing the awarding of benefits. Section 3.103(a) of title 38 of the Code of Federal Regulations provides in pertinent part: *"[I]t is the obligation of VA ... to render a decision which grants [claimants] every benefit that can be supported in law* while protecting the interests of the Government." 38 C.F.R. § 3.103(a) (1990) (emphasis added). Agencies, of course, are obligated to follow their own regulations. *See Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974); *Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); *Vitarelli v. Seaton,* 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). Since the VA must grant a claimant "every benefit that can be supported in law", a claimant who receives less than the benefits to which he or she is, or may be, entitled is "adversely affected". Apparently the BVA itself has recognized that a claimant who receives a "favorable" BVA decision can appeal that decision to the Court. The "Notice of Appellate Rights" provision, which is placed at the end of BVA decisions, states: "Under 38 U.S.C. § 4066 ... a decision of the Board of Veterans [sic] Appeals granting less than the complete benefit, or benefits, sought on appeal is appealable to the United States Court of Veterans Appeals...."

Indeed, support for this conclusion can be found in the floor statement of the Chairman of the Senate Committee on Veterans' Affairs, Senator Cranston, at the time of the final passage of the VJRA. Although not specifically discussing the issue of standing, he cited an example of a case that could be appealed to the Court;

> if the BVA assigned a veteran a disability rating of 30 percent and the veteran went to court to argue that his or her rating was incorrect because the facts underlying the BVA's decision were determined incorrectly—for instance, arguing the rating should be 50 percent because the facts demonstrate that the extension of his or her leg was limited to 45 degrees—not the 20–degree limitation the BVA found—and under the rating schedule, a 45–degree limitation is rated at 50 percent and not 30 percent—the Court could modify the decision if it found the VA's finding of fact to be "clearly erroneous".

134 Cong.Rec. S16648 (daily ed. Oct. 18, 1988) (statement of Sen. Cranston).

In this example, even though the claimant received a favorable decision from the BVA in the sense that the claimant was assigned a rating, the decision could be appealed to this Court in order to continue to seek a higher rating.

■ A BVA decision cannot deprive a claimant of standing to appeal by awarding some benefits when the claimant is or may be entitled to more. Any claimant who receives less than the complete benefits to which he or she is, or may be, entitled as a result of a BVA decision has been "adversely affected" within the meaning of 38 U.S.C. § 4066(a) by that decision, and thus has standing to appeal to this Court.

■ Turning to the case at hand, appellant went to the BVA seeking an unspecified increase in his 10 percent evaluation which he received in an October 1988 rating decision. In one sense, the May 2, 1990, BVA decision was favorable to appellant because it increased his rating from 10 percent to 30 percent after concluding that "[t]he schedular criteria for a 30 percent evaluation ... have been met." *Steve M. Corchado,* loc. no. 016940, at 6 (BVA May 2, 1990). However, in another sense, the

BVA decision was adverse to appellant because it did not grant a rating higher than 30 percent.

In his statement of issues, appellant "declares that the issue raised on appeal is whether the Board of Veterans [sic] Appeals erred in denying an increased rating...." Construing this statement as seeking a rating in excess of 30 percent, we hold that appellant has standing to appeal because he was "adversely affected" by the May 2, 1990, BVA decision that denied him an evaluation in excess of 30 percent. It must be noted that at this stage of the proceedings, when the record has yet to be designated or transmitted and briefs have yet to be filed, we imply no view as to the ultimate merits of this appeal. Our decision that the appellant has standing to proceed merely allows the appeal to continue.

### IV.

In view of our holdings that this Court has subject-matter jurisdiction over this appeal and appellant has standing to secure judicial review, the Secretary's Motion To Dismiss, To Stay Further Proceedings And To Set Aside Previous Order To Designate The Record is denied. The Secretary is ordered to file a designation of the record within 30 days after the date of this opinion. *See* U.S. Vet.App.R. 10 (Interim).

*It is so ordered.*