**26**

Steve M. CORCHADO, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–897.

United States Court of Veterans Appeals.

Feb. 14, 1992.

Before FARLEY, Associate Judge.

ORDER

On August 30, 1990, appellant filed a Notice of Appeal of a May 2, 1990, Board of Veterans' Appeals (Board or BVA) decision increasing his evaluation for post-traumatic stress disorder (PTSD) from 10% to 30%. The appellant contends that his disability warrants a rating higher than 30%. A threshold motion to dismiss for lack of subject matter jurisdiction was denied. *See Corchado v. Derwinski*, 1 Vet.App. 160 (1991).

On September 6, 1991, the Secretary of Veterans Affairs (Secretary) moved for a remand and for a stay of further proceedings, arguing that, because appellant has been diagnosed as suffering from a number of different neuropsychiatric conditions, an additional examination is necessary for a clarification of the diagnoses and a determination of the extent to which appellant's disability results specifically from service-connected PTSD. The Secretary requests that the remand include a direction that the BVA, in turn, remand the case to the Veterans' Administration Regional Office (VARO) with instructions to readjudicate the claim after undertaking a full psychiatric examination of appellant. Appellant, through counsel, has opposed the Secretary's motion, contending that the record currently contains sufficient evidence, as a matter of law, to sustain an award in excess of 30% for his service-connected disability. However, this argument, even if true, does not resolve the issue before the Court.

It is not the function of this Court to determine in the first instance the degree of disability or to assign a rating; "rather, it is the function of this Court to decide whether such factual determinations made by the BVA in a particular case constituted clear error." *Gilbert v. Derwinski*, 1 Vet. App. 49, 53 (1990). Even if we were to concur with appellant, the final result would be the same as that presently sought by the Secretary: a Court order remanding the case to the BVA and the VARO for reexamination of appellant's condition in order to decide whether a rating in excess of 30% for service-connected PTSD is justi-

fied, and if so, to determine specifically what rating increase should be awarded.

Appellant has expressed concern that the Secretary's request for a remand is prompted not by a desire to fairly resolve the claim but for the sole purpose of gathering additional evidence in support of the original decision. However, we do not share this concern for, as the jurisprudence of this Court has made clear, "[a] remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski*, 1 Vet. App. 394, 397 (1991). Moreover, this exception also makes it unnecessary to grant the Secretary's request for a direction that the BVA remand the claim to the regional office; if the circumstances warrant, the BVA already is authorized and obligated to do so. *See* 38 C.F.R. § 19.182(a); *Littke v. Derwinski*, 1 Vet.App. 90 (1990).

Since the parties agree that the appellant is presently entitled to at least a 30% rating, that portion of the BVA decision will remain in effect. In the unlikely event that the BVA, on remand, contemplates lowering or severing appellant's 30% rating, it would have to afford appellant the procedural safeguards and meet the burden of proof imposed by 38 C.F.R. § 3.105(d). *See Baughman v. Derwinski*, 1 Vet.App. 563 (1991).

In addition, the parties have not demonstrated a compelling reason for the Court to retain jurisdiction over this appeal on remand. In the event that appellant believes either the BVA or the VARO is unreasonably delaying disposition of his claim, relinquishment of jurisdiction does not preclude him from seeking judicial review. *See, e.g., Erspamer v. Derwinski*, 1 Vet.App. 3 (1990).

On consideration of the foregoing, it is

ORDERED that the Secretary's motion for remand and to stay further proceedings is GRANTED.