Citation Nr: 1313635 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 10-40 018 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to an effective date prior to April 18, 2005 for the grant of entitlement to service connection for chloracne.

(The issue of whether the August 25, 1986 decision by the Board of Veterans Appeals denying service connection for a skin condition, claimed as residuals of Agent Orange exposure, should be revised or reversed on the grounds of clear and unmistakable error is the subject of a separate appellate action.)


REPRESENTATION

Appellant represented by: Polly Murphy, Attorney at Law


WITNESSES AT HEARING ON APPEAL

Appellant and Spouse


ATTORNEY FOR THE BOARD

S. M. Marcus, Counsel


INTRODUCTION

The Veteran served on active duty from August 1968 to August 1970. This matter is before the Board of Veterans' Appeals (Board) on appeal from a December 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma, which assigned the effective date following the Board's December 2009 grant of entitlement to service connection for chloracne. 


FINDINGS OF FACT

1. On December 10, 1984, a claim seeking service connection for residuals of Agent Orange exposure was received by VA. 

2. On August 25, 1986 the Board denied entitlement to service connection for a skin disorder, specifically, seborrheic dermatitis.

3. In 2005, the Veteran filed a claim to reopen the issue of entitlement to service connection for a skin disorder, to include as due to Agent Orange exposure.

4. The Board granted entitlement to service connection for chloracne in a December 2009 decision, and the RO assigned an effective date of April 18, 2005, the date the RO received the claim to reopen.

5. In a separate appellate action, the Board has granted the the benefit sought by the motion to reverse the August 25, 1986 Board that denied service connection for a skin disorder on the basis of clear and unmistakable error.


CONCLUSION OF LAW

The Veteran's claim of entitlement to an effective prior to April 18, 2005 for the grant of entitlement to service connection for chloracne is dismissed as moot. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. §§ 20.101, 20.200, 20.201, 20.202 (2012). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran originally claimed entitlement to residuals of Agent Orange exposure, to include skin disorders, in December 10, 1984. Entitlement to seborrheic dermatitis was denied by the Board in August 25, 1986.

The Veteran filed a claim to reopen the issue of entitlement to a skin disorder, as a result of Agent Orange exposure, in 2005. Service connection for chloracne was granted by the Board in a December 2009 decision. By a rating decision dated in December 2009, the RO implemented the Board's 2009 decision, and assigned an effective date of April 18, 2005, which was the date of the Veteran's claim to reopen the issue of entitlement to service connection for a skin disorder. 

The Veteran appealed the assigned 2005 effective date, contending that the correct date of his grant of service connection for a skin disorder should be the date of his original 1984 claim. His main contention is that the Board's August 1986 original denial of service connection should be reversed due to clear and unmistakable error (CUE).

In a separate appellate action, the Board has granted the Veteran's motion to reverse the August 1986 Board denial of a skin disorder based on CUE. Thus, his original 1984 service connection claim for a skin disorder due to Agent Orange has been granted, rendering the current effective date issue for the grant of service connection moot. Accordingly, the appeal is dismissed as no benefit remains to be awarded and no controversy remains. Cf. Swan v. Derwinski, 1 Vet. App. 20, 22-23 (1990).


ORDER

The appeal seeking entitlement to an effective date prior to April 18, 2005 for the grant of entitlement to service connection for chloracne is dismissed.



____________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs