Citation Nr: 1829808 
Decision Date: 08/22/18 Archive Date: 08/30/18

DOCKET NO. 13-11 032 ) DATE
 )
 )


THE ISSUE

Whether there was clear and unmistakable error (CUE) in a January 7, 1991 Board of Veterans' Appeals (Board) decision that granted a 70 percent rating and effectively denied a 100 percent rating for service-connected schizophrenia.

(The issue of whether there was CUE in an August 21, 1980 rating decision is the subject of a separate decision.)


REPRESENTATION

Moving party represented by: John F. Cameron, Attorney-at-Law


ATTORNEY FOR THE BOARD

M. Thomas, Associate Counsel






INTRODUCTION

The Veteran, who is the moving party, had active service from March 1978 to October 1978.

This matter is currently before the Board on the moving party's January 2013 motion for revision or reversal on the grounds of CUE in the Janaury 7, 1991 Board decision that granted a 70 percent rating and effectively denied a 100 percent rating for service-connected schizophrenia.

As indicated on the title page, the Veteran has another appeal before the Board. Because that appeal originated from a different Agency of Original Jurisdiction and involves an issue dependent on different law and facts, it is the subject of a separate decision. See BVA Memorandum No. 01-18-04; VA Purplebook 01-18-v1.0.0.

In July 2013, the Board denied the motion. The Veteran appealed the Board's July 2013 decision to the United States Court of Appeals for Veterans Claims (Court). In a June 2015 Memorandum Decision, the Court, inter alia, set aside and remanded the July 2013 Board decision pertaining to CUE in the January 1991 Board decision. The Court returned this issue to the Board for appropriate action.

In October 2016, the Board again denied the motion. The Veteran appealed the Board's October 2016 decision to the Court. In December 2017, the Court issued an order that granted a Joint Motion for Remand (JMR) and vacated the Board's decision denying the Veteran's motion for revision or reversal on the grounds of CUE in the January 7, 1991 Board decision that granted a 70 percent rating and effectively denied a 100 percent rating for service-connected schizophrenia. The Court returned this issue to the Board for appropriate action.


FINDINGS OF FACT

1. The January 7, 1991 Board decision granted a 70 percent rating and effectively denied a 100 percent rating for service-connected schizophrenia. The moving party was provided with a copy of the decision and did not appeal the Board decision to the United States Court of Appeals for Veterans Claims (Court).

2. The January 7, 1991 Board decision contained legal error in failing to apply relevant law at the time so as to not constitute a reasonable exercise of rating judgment.

3. But for the legal error in the January 7, 1991 Board decision, the outcome would have been manifestly different and a 100 percent schedular rating for schizophrenia would have been granted.


CONCLUSION OF LAW

The January 7, 1991 Board decision effectively denying a 100 percent rating for schizophrenia was clearly and unmistakably erroneous, and is revised to grant a 100 percent rating for schizophrenia. 38 U.S.C. §§ 5109A, 7111 (2012); 38 C.F.R. §§ 20.1400-1411 (2017). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Applicable Caselaw, Statutory, and Regulatory Provisions

A prior final Board decision must be reversed or revised where evidence establishes that there is CUE in the prior final decision. 38 U.S.C. §§ 5109A, 7111; 38 C.F.R. §§ 20.1400-02. All final Board decisions are subject to revision on the basis of CUE except for those decisions which have been appealed to and decided by the Court and decisions on issues which have subsequently been decided by the Court. 38 C.F.R. § 20.1400.

The motion to review a prior final Board decision on the basis of CUE must set forth clearly and specifically the alleged clear and unmistakable error, or errors, of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error. Non-specific allegations of failure to follow regulations or failure to give due process, or any other general, non-specific allegations of error, are insufficient to satisfy this requirement. Motions that fail to comply with these requirements shall be dismissed without prejudice to refiling. See 38 C.F.R. § 20.1404(b); see also Disabled American Veterans v. Gober, 234 F.3d 682 (Fed. Cir. 2000); Simmons v. Principi, 17 Vet. App. 104 (2003). The Board finds that the present motion complied with these requirements and the motion is properly before the Board for consideration on the merits.

Motions for review of prior Board decisions on the grounds of CUE are adjudicated pursuant to the Board's Rules of Practice. 38 C.F.R. Part 20. CUE is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied. Review for CUE in a prior Board decision must be based on the record and the law that existed when that decision was made. To warrant revision of a Board decision on the grounds of CUE, there must have been an error in the Board's adjudication of the appeal which, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be clear and unmistakable. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1403, 20.1404.

The Court has set forth a three-pronged test to determine whether CUE is present in a prior determination: (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e., more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at that time were incorrectly applied; (2) the error must be "undebatable" and of the sort which, had it not been made, would have manifestly changed the outcome at the time it was made; and (3) a determination that there was CUE must be based on the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242 (1994), Russell v. Principi, 3 Vet. App. 310 (1992). 

Examples of situations that are not CUE include: (1) a new medical diagnosis that "corrects" an earlier diagnosis considered in a Board decision; (2) a failure to fulfill VA's duty to assist the moving party with the development of facts relevant to his claim; or (3) a disagreement as to how the facts were weighed or evaluated. 
See 38 C.F.R. § 20.1403(d). CUE also does not encompass the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation. See 38 C.F.R. § 20.1403(e).

Before deciding a claim, the Board is required to consider all relevant evidence of record and to consider and discuss in its decision all "potentially applicable" provisions of law and regulation. Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991); Weaver v. Principi, 14 Vet. App. 301, 302 (2001) (per curiam order). In addition, the Board must include in its decision a written statement of the reasons or bases for its findings and conclusions, adequate to enable an appellant to understand the precise basis for the Board's decision. 38 U.S.C. § 7104(a) ("Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record"). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed.Cir.1996) (table); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990).


Discussion

The Veterans Claims Assistance Act of 2000 (VCAA) is inapplicable to CUE claims, and therefore need not be discussed herein. Livesay v. Principi, 15 Vet. App. 165 (2001) (en banc); 38 C.F.R. § 20.1411(c).

In the present case, the moving party alleges CUE in a January 7, 1991 Board decision that granted a 70 percent rating and effectively denied a 100 percent rating for service-connected schizophrenia. Specifically, the moving party contends that the Board failed to apply 38 C.F.R. § 4.16(c) and that the outcome would have been manifestly different but for that error.

The law that was in effect at the time of the January 1991 Board decision provided that disability ratings were determined by the application of a schedule of ratings which was based on average impairment of earning capacity. 38 U.S.C. § 1155 (1991); 38 C.F.R. Part 4 (1990). Separate diagnostic codes identified the various disabilities. When there was a question as to which of two ratings were to be applied, the higher rating would be assigned if the disability picture more nearly approximated the criteria required for that rating. Otherwise, the lower rating was to be assigned. 38 C.F.R. § 4.7 (1990).

Schizophrenia, chronic undifferentiated type, was rated under the General Rating Formula for Psychotic Reactions. Under that formula, a 100 percent rating was warranted where the evidence showed active psychotic manifestations of such extent, severity, depth, persistence, or bizarreness as to produce complete social and industrial inadaptability. A 70 percent rating was warranted where the evidence showed lesser symptomatology such as to produce severe impairment of social and industrial adaptability. 38 C.F.R § 4.132, Diagnostic Code 9204 (1990). Additionally, the assignment of a 100 percent schedular rating was warranted in cases in which a veteran was rated 70 percent disabled due to a psychiatric disorder, the psychiatric disorder was the only compensable disability, and the psychiatric disorder was found to preclude the veteran from securing or following a substantially gainful occupation. 38 C.F.R. § 4.16(c) (1990); Swan v. Derwinski, 1 Vet. App. 20 (1990). 

Here, in the January 2013 CUE motion, the moving party raised a single allegation of error related to the application of the statutory or regulatory provisions in the January 7, 1991 Board decision. The moving party argued that, had such error not been committed, the January 7, 1991 Board decision manifestly would have granted a 100 percent rating for schizophrenia. As explained above, the review for CUE in a prior Board decision is based on the record and the law that existed when that decision was made. See 38 C.F.R. § 20.1403(b).

Turning to the moving party's argument in support of the CUE motion, he argues that the Board failed to apply the provisions of 38 C.F.R. § 4.16(c). Specifically, he argues that the Board did not apply the provisions of 38 C.F.R. § 4.16(c) when it concluded that a rating of 70 percent was warranted for schizophrenia and implicitly denied a higher rating of 100 percent. The moving party contends that if the Board had properly applied 38 C.F.R. § 4.16(c) in consideration of the evidence of record at the time of the January 7, 1991 decision, particularly the January 1990 Consultation Sheet examiner's notation that the moving party had "not been able to work," then a 100 percent rating for the service-connected schizophrenia would have been granted. 

The Board finds that the lay and medical evidence of record at the time of the January 7, 1991 Board decision clearly and unmistakably showed that the moving party was unable to maintain substantially gainful employment. Such evidence included medical evidence indicating that the moving party had been hospitalized for treatment of schizophrenia on 11 separate occasions between September 1987 and January 1991, totaling more than 200 days; a November 1988 VA Form 10-100, Discharge Summary (Inpatient Care), indicating that the moving party was "considered competent, but considered unemployable indefinitely;" a January 1989 VA Form 10-100, Discharge Summary (Inpatient Care), indicating that the moving party was "competent, but not employable;" an August 1989 VA Form 10-100, Discharge Summary (Inpatient Care), indicated that "in view of his auditory hallucinations, visual hallucinations and depressed mood, mood swings, delusions of persecution, paranoid ideation and ideas of reference, impaired insight and impaired judgment, it is felt at the present time that this veteran is temporarily totally disabled, and hence, temporarily unemployable;" a November 1989 VA Form 10-100, Discharge Summary (Inpatient Care), indicated that the moving party had a severe nervous attack prior to admission, and a history of severe nervous attack, hearing voices, insomnia, and bad nightmares was noted; a January 1990 VA Consultation Sheet indicating that the moving party was unemployed and had 14 years of education; a subsequent January 1990 VA Consultation Sheet indicating that the moving party "can't hold a job, "was hearing voices, "ha[d] been hospitalized three times in 1989 and ha[d] not been able to work since," got confused and frustrated in his job, and that these problems had been going on for a while, but had gotten worse the last 12-15 months; an April 1990 statement from the moving party that his "nervous condition would not permit [him] to hold a job." The medical evidence consistently indicated that the moving party had symptoms of insomnia, depression, nervousness, auditory and visual hallucinations, paranoid ideation, anxiety, memory impairment, suspiciousness, ideas of references, ideas of persecution. See September 1988, November 1988, January 1989, August 1989, November 1989, February 1990 and May 1990 VA Form 10-100, Discharge Summary (Inpatient Care). This evidence clearly and unmistakably reflects schizophrenia symptoms of such severity that they would prevent the moving party from maintaining substantially gainful employment, particularly in light of the frequency and duration of the hospitalizations for schizophrenia treatment. In addition, the Board noted in the January 7, 1991 decision that "there are indications that gainful work activity was attempted on one or more occasions since 1987, but his inability to function well in a work setting, particularly in interrelating with others, effectively thwarted those attempts, which were of short duration." 

Therefore, while it appears the January 7, 1991 Board decision considered the Veteran's ability to work in the context of "social and industrial (in)adaptability" as was required for consideration of the appropriate rating under Diagnostic Code 9204, the January 7, 1991 Board decision does not demonstrate that the Board considered the moving party's ability to work in the context of the criteria for a 100 percent schedular rating under 38 C.F.R. § 4.16(c). Consequently, the Board finds that the statutory or regulatory provisions extant at that time of the January 7, 1991 Board decision were incorrectly applied and, but for this error, a 100 percent rating for schizophrenia would have been granted. 

For these reasons, the Board finds that the statutory or regulatory provisions extant at the time of the January 7, 1991 Board decision were incorrectly applied and the error is "undebatable" and of the sort "which, had it not been made, would have manifestly changed the outcome at the time it was made."

Per the law in effect at the time of the January 7, 1991 Board decision, discussed above, as the evidence of record clearly and unmistakably established that the moving party was unable to maintain substantially gainful employment due to his service-connected schizophrenia, which was his sole service-connected disability and rated 70 percent disabling, a grant of a 100 percent rating for schizophrenia was in order pursuant to 38 C.F.R. § 4.16(c).

Thus, after considering the moving party's contentions and the evidence of record at the time of the January 7, 1991 Board decision, the Board finds clear legal error in the Board's January 7, 1991 decision denying a 100 percent rating for schizophrenia as the statutory and regulatory provisions extant at the time were not applied. Moreover, had the legal error discussed above not been committed, the January 7, 1991 Board decision manifestly would have granted a 100 percent rating for schizophrenia based on the evidence of record reflecting the severity of the moving party's schizophrenia symptoms, his frequent and long hospitalizations for schizophrenia treatment, and the numerous opinions from his treating physicians indicating that he was unable to maintain employment.

In sum, the Board concludes that the January 7, 1991 Board decision is clearly and unmistakably erroneous; therefore, the January 7, 1991 Board decision should be revised, resulting in a grant of a 100 percent rating for schizophrenia. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1400, 20.1402-1404.


ORDER

The January 7, 1991 Board decision, having been found to be clearly and unmistakably erroneous in denying a 100 percent rating for schizophrenia, is revised to reflect a grant of a 100 percent rating for schizophrenia.






 ____________________________________________
S. B. MAYS
Veterans Law Judge 
Board of Veterans' Appeals


Department of Veterans Affairs