﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190501-7497
DATE: December 31, 2019

ORDER

Entitlement to a 100 percent disability rating for major depressive disorder (claimed as depression), is granted.

Entitlement to a total disability rating based on individual unemployability (TDIU) is dismissed.

REMANDED

Entitlement to service connection for low back arthritis is remanded.

Entitlement to service connection for right hip arthritis is remanded.

Entitlement to service connection for left hip arthritis is remanded.

FINDINGS OF FACT

1. The severity, frequency, and duration of the Veteran’s symptoms more closely approximate total occupational and social impairment.

2. The Veteran has been awarded a 100 percent schedular evaluation for her major depressive disorder; therefore, the claim for TDIU is moot.

CONCLUSIONS OF LAW

1. The Veteran’s major depressive disorder warrants a rating of 100 percent throughout the entire period on appeal. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code 9434.

2. The issue of entitlement to TDIU is moot. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. §§ 4.14, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Navy from July 1998 to June 2007.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an April 2019 rating decision from a Department of Veteran’s Affairs (VA) Regional Office (RO). 

In May 2019 the Veteran disagreed with the above-noted rating decision and filed a VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)). The Veteran selected the Direct Review lane by submitting notice of disagreement under the appeals Modernization Act (AMA). 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2 (d)). 

In a July 2019 rating decision, before the Board could issue a decision on the Veteran’s major depressive disorder disability on appeal, the RO continued the Veteran’s 70 percent rating which contained new favorable findings of the symptoms the Veteran experienced. As this was not a full grant of the benefits sought on appeal, the issue remains before the Board. Accordingly, the Board is limited to review of the evidence in the record up and until the date of the rating decisions on appeal; for the issues adjudicated below, that date is July 24, 2019, for the major depressive disorder issue, and April 6, 2019, for the remaining issues on appeal.

Major Depressive Disorder

Legal Criteria

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities. Ratings are based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. In both initial rating claims and normal increased rating claims, the Board must discuss whether “staged ratings” are warranted, and if not, why not. See generally Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson v. West, 12 Vet. App. 119 (1999). Where there is a question as to which of the two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating; otherwise the lower rating will be assigned. See 38 C.F.R. § 4.7. 

Major Depressive Disorder is rated under the General Rating Formula for Mental Disorders. 38 C.F.R. § 4.130, Diagnostic Code 9434. In pertinent part, a 50 percent disability rating is warranted for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships. 

A 70 percent disability rating is warranted for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); and inability to establish and maintain effective relationships. 

Finally, a 100 percent disability rating is warranted for total occupational and social impairment due to such symptoms as: gross impairment in thought process or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and memory loss for names of close relatives, own occupation, or own name.

The symptoms listed in the General Rating Formula for Mental Disorders are not intended to constitute an exhaustive list. Rather, the symptoms serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. See Mauerhan v. Principi, 16 Vet. App. 436 (2002). 

When there is an approximate balance of positive and negative evidence regarding the degree of disability, the benefit of the doubt shall be given to the Veteran. See 38 U.S.C. § 5107; 38 C.F.R. § 4.3

Analysis

The RO has assigned a 70 percent rating for the Veteran’s major depressive disorder throughout the appeal period. The Board disagrees with the assigned rating, and for reasons explained below, the Board finds that a 100 percent rating is warranted throughout the appeal period. 

The Board has carefully reviewed the Veteran’s VA Medical Center treatment notes. The Board has also thoroughly reviewed the results from the VA examinations conducted in August 2017, February 2019, and July 2019. Further, the Board has also prudently considered the Veteran’s own statements.

In sum, those records show the Veteran received consistent mental health care throughout the period on appeal. The above-noted evidence shows the Veteran has experienced several significant symptoms and impairments, which include: diminished memory including forgetting names, memory loss, forgetting directions, and forgetting recent events; depressed mood; suicidal ideation; disturbances of motivation/mood; chronic sleep impairment; panic attacks more than once a week; difficulty adapting to work and stressful circumstances; flattened affect; difficulty adapting to a worklike setting; anxiety; significant relationship problems; irritability; auditory hallucinations; and occupational and social impairment. 

In this case, the copious evidence plainly establishes the Veteran’s psychiatric manifestations have resulted in deficiencies in all areas of life functioning. Specifically, her symptoms have significantly impaired her ability to work, caused her marked social impairments, considerably impacted her family role functioning, caused marked deficiencies in judgment, and resulted in severe mood impairments. In her May 2019 treatment notes the Veteran noted having thoughts of death and/or suicide, and a 2009 suicide attempt was noted as well. The treatment notes also indicated that the Veteran experienced auditory hallucinations and had limited social support as she struggled to maintain friendships. In her most recent examination, the examiner noted that there is a great deal of strain in the Veteran’s marriage and that the Veteran’s mind wanders often. The examiner noted that the Veteran’s children cook for her and drive her when she cannot and that the Veteran experiences thoughts of death. 

As noted above, the 100 percent evaluation criteria does not indicate total occupational and social preclusion; rather, it merely states a veteran must have total impairment.

The Board again notes a 70 percent rating is warranted when psychiatric manifestations cause impairment in most areas of life functioning; however, this Veteran’s psychiatric manifestations have resulted in impairments in all areas of life. As such, the Board has afforded the Veteran the benefit of reasonable doubt, and finds her disability picture more nearly approximates the criteria necessary for a 100 percent disability rating.

Entitlement to a TDIU

The United States Court of Appeals for Veterans Claims (Court) has recognized that a 100 percent rating under the Schedule for Rating Disabilities means that a Veteran is totally disabled. Holland v. Brown, 6 Vet. App. 443, 446 (1994), citing Swan v. Derwinski, 1 Vet. App. 20, 22 (1990). Thus, if VA has found a veteran to be totally disabled as a result of a particular service-connected disability, or combination of disabilities pursuant to the rating schedule, there is no need, and no authority, to otherwise rate that Veteran totally disabled on any other basis. See Herlehy v. Principi, 15 Vet. App. 33, 35 (2001) (finding a request for TDIU moot where 100 percent schedular rating was awarded for the same period). 

The Board has found the Veteran to be 100 percent disabled as a result of her service-connected major depressive disorder. As this effective date would encompass the entire appellate period, the issue of entitlement to a TDIU is now moot. 

Accordingly, the claim for TDIU is dismissed.

REASONS FOR REMAND

Low Back and Bilateral Hips

To date, the Veteran has not been afforded VA examinations to address the etiology of her lower back and bilateral knee conditions. 

A review of the Veteran’s treatment notes indicates that she has been diagnosed and treated for degenerative arthritis in her back and both hips, and the RO has made favorable findings noting such. The Veteran’s service treatment records (STRs) are silent for any diagnosis, treatment, or complaints of back or hip conditions during active duty service. However, the Veteran provided lay statements that she experienced back and hip pain during her active duty service. Based on the foregoing, the Board finds an examination and medical opinion is necessary to determine whether the Veteran’s lower back and bilateral hip conditions were caused or aggravated by her military service.

The matters are REMANDED for the following action:

Afford the Veteran VA examinations by an examiner(s) with sufficient expertise to address the etiology of the Veteran’s bilateral hip and lower back conditions. The electronic records should be made available to and reviewed by the examiner(s). All pertinent evidence of record must be made available to and reviewed by the examiner. Any indicated studies should be performed.

Following a review of the relevant records and lay statements, the examiner(s) should state whether the Veteran’s bilateral hip and low back conditions at least as likely as not (a 50 percent probability or greater): originated during her period of active service or are otherwise etiologically related to her active service. 

The examiner must provide a complete rationale for all proffered opinions. In this regard, the examiner must discuss and consider the Veteran’s competent lay statements. 

 

 

T. REYNOLDS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Gresham

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.