ORDER
PER CURIAM:
Thomas C. Leavey, Jr!, appealed through counsel a May 11, 2012, Board of Veterans’ Appeals (Board) decision that denied entitlement to (1) compensable disability ratings for right ear hearing loss prior to April 23, 2007, and bilateral hearing loss prior to June 9, 2009; and (2) a disability rating in excess of 10% for bilateral hearing loss after June-9, 2009. On November 14, 2014, the en banc Court issued a decision affirming the May 2012 *227 Board decision. That same day, counsel for Mr. Leavey notified the Court that Mr. Leavey passed away on November 6, 2014.
On November 21, 2014, the Court granted the motion of Mr. Leavers counsel to stay proceedings to determine if a potential accrued benefits recipient was available to substitute for Mr. Leavey. On December 10, 2014, counsel for Mr. Leav-ey advised the Court that Mr. Leavey’s widow did not wish to seek substitution as a potential accrued benefits recipient.
This Court adheres to the case- or-controversy jurisdictional constraints imposed by Article III of the U.S. Constitution. See Mokal v. Derwinski, 1 Vet.App. 12, 13-15 (1990). Because, absent substitution, claims for disability compensation under chapter 11 of title 38 of the U.S.Code do not survive a veteran, when a veteran dies while appealing a Board decision to the Court, there no longer remains a case or controversy and the Court must dismiss the appeal. See Padgett v. Nicholson, 473 F.3d 1364, 1369-70 (Fed.Cir.2007); Landicho v. Brown, 7 Vet.App. 42, 53-54 (1994); see also Phillips v. Shinseki, 581 F.3d 1358, 1363 n. 1 (Fed.Cir.2009) (noting that “Congress ,.. enacted provisions to allow substitution of [accrued-benefits] claimants as a matter of course” and citing the Veterans’ Benefits Improvement Act of 2008, Pub.L. No. 110-389, § 212, 122 Stat. 4145, 4151, now codified at 38 U.S.C. § 5121A). In addition, the Court may vacate the underlying Board decision to prevent it from acting as a barrier to the success of any future claimant seeking accrued benefits. See Padgett, 473 F.3d at 1369-70; see also Breedlove v. Shinseki, 24 Vet.App. 7, 21 (2010) (per curiam order) (“[I]f, when a veteran has died while- an appeal is pending here, no one seeks substitution or the person seeking substitution is not an eligible accrued-benefits claimant, then Board vacatur and dismissal of the appeal would be the appropriate action.”).
Here, Mr. Leavey died before his appeal was resolved. Because no one has sought substitution in this appeal as a potential accrued benefits recipient, the Court will withdraw its November 14, 2014, decision, vacate the May 2012 Board decision, and dismiss the appeal for lack of jurisdiction.
On consideration of the foregoing, it is
ORDERED that the November 14, 2014, decision of the Court is WITHDRAWN. It is further
ORDERED that the May 11, 2012, Board decision is VACATED. It is further
ORDERED that this appeal is DIS- - MISSED for lack of jurisdiction.