# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 09-2493

WILLIAM C. RICKETT, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KASOLD, *Chief Judge*, and HAGEL, MOORMAN, LANCE,
DAVIS, SCHOELEN, PIETSCH, BARTLEY, and GREENBERG, *Judges*.

## O R D E R

On April 14, 2009, William C. Rickett appealed a November 5, 2008, Board of Veterans' Appeals (Board) decision that determined there was new and material evidence to reopen a claim for entitlement to disability compensation benefits for bilateral lower extremity peripheral neuropathy. After reopening the claim, the Board denied the disability compensation claim.

On July 28, 2009, the Secretary filed a motion to dismiss the appeal on the ground that the appellant's Notice of Appeal (NOA) to this Court was not timely filed. In October 2009, the Court determined that a panel should decide the Secretary's motion. On November 11, 2009, the appellant's counsel entered an appearance on his behalf. After an oral argument, the panel issued a March 19, 2010, order dismissing the appeal for lack of jurisdiction. Judgment was entered on April 13, 2010.

On May 21, 2010, the appellant appealed the Court's order to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). On May 25, 2011, the Federal Circuit issued an order concluding that the appeals deadline established by 38 U.S.C. § 7266(a) is not jurisdictional and vacated this Court's judgment and remanded the matter for further proceedings. *Rickett v. Shinseki*, 421 F. App'x 967 (Fed. Cir. 2011). On December 27, 2011, the appellant died.

On April 26, 2012, without knowledge that the appellant had died, the panel held oral argument, and thereafter, in October 2012, submitted the case to the en banc Court. On March 12, 2013, with the appellant's death still unbeknownst to the Court, the Court issued an en banc order denying the Secretary's motion to dismiss and ordering the parties to proceed with the appeal in accordance with the Court's Rules of Practice and Procedure. *Rickett v. Shinseki*, 26 Vet.App. 210 (2013). Thereafter, in November 2013, counsel for the appellant filed a brief on behalf of the appellant. Counsel for the parties entered into negotiations, and on April 7, 2014, filed a joint motion to vacate the Board decision and remand the matter (JMR), which the Court granted on April 10, 2014. Mandate was also issued on this date.

On May 12, 2014, the appellant's counsel filed an application for attorney fees under the Equal Access to Justice Act (EAJA), codified at 28 U.S.C. § 2412(d). The Secretary did not oppose the application. On August 1, 2014, the Court granted the EAJA application and EAJA mandate was issued on this same date.

On September 15, 2014, the Secretary notified the Court that the appellant died on December 27, 2011, and filed a motion to recall the mandates, withdraw the Court's April 10 and August 1, 2014, orders, vacate the November 2008 Board decision on appeal, and dismiss the appeal and EAJA application. On November 13, 2014, the appellant's counsel filed an opposition to the motion, arguing that the Court should "order, nunc pro tunc, that the order granting the JMR should remain in place" because the appellant's widow "will be irreparably harmed in that she will never be able to pursue the accrued benefits claim pursuant to the JMR." Appellant's Nov. 13, 2014, Response at 4, 6.

Because the appellant died prior to the Court's grant of the JMR and EAJA application, on November 21, 2014, the Court, by single-judge order, recalled the April 10, 2014, mandate, withdrew the April 10, 2014, order granting the JMR, recalled the August 1, 2014, EAJA mandate, and withdrew the August 1, 2014, order granting the EAJA application. On December 29, 2014, the Secretary advised the Court that Mr. Rickett's counsel had returned the EAJA fees paid by the Government.

The Court concludes that the March 12, 2013, en banc order denying the Secretary's motion to dismiss should also be withdrawn. This Court adheres to the case-or-controversy jurisdictional constraints imposed by Article III of the U.S. Constitution. *See Mokal v. Derwinski*, 1 Vet.App. 12, 13-15 (1990). Because, absent substitution, claims for disability compensation under chapter 11 of title 38 of the U.S. Code do not survive a veteran, when a veteran dies while appealing a Board decision to the Court, there no longer remains a case or controversy and the Court must dismiss the appeal. *See Padgett v. Nicholson*, 473 F.3d 1364, 1369-70 (Fed. Cir. 2007); *Landicho v. Brown*, 7 Vet.App. 42, 53-54 (1994); *see also Phillips v. Shinseki*, 581 F.3d 1358, 1363 n.1 (Fed. Cir. 2009) (noting that "Congress . . . enacted provisions to allow substitution of [accrued-benefits] claimants as a matter of course" and citing the Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151, now codified at 38 U.S.C. § 5121A). In addition, the Court may vacate the underlying Board decision to prevent it from acting as a barrier to the success of any future claimant seeking accrued benefits. *See Padgett*, 473 F.3d at 1369-70; *see also Breedlove v. Shinseki*, 24 Vet.App. 7, 21 (2010) (per curiam order) ("[I]f, when a veteran has died while an appeal is pending here, no one seeks substitution or the person seeking substitution is not an eligible accrued-benefits claimant, then Board vacatur and dismissal of the appeal would be the appropriate action.").

The Court is mindful that its March 2013 en banc order denying the Secretary's motion to dismiss is nearly two years old, has been cited in numerous orders of this Court, and represents an important piece of the Court's jurisprudence on equitable tolling. Nevertheless, the law is clear: Where an appellant dies while the appeal is pending here and no person seeks to be substituted for

the deceased appellant, the Court will withdraw its orders disposing of substantive matters in the case that were issued after the appellant's death. *See Leavey v. McDonald*, __ Vet.App. __, __, No. 12-1883, 2015 WL 136642, *1 (Jan. 12, 2015) (en banc) (withdrawing en banc decision affirming the Board decision where the appellant died before his appeal was resolved and no one sought substitution in the appeal as a potential accrued benefits recipient); *see also Padgett v. Shinseki*, 643 F.3d 950, 956 (Fed. Cir. 2011) ("By necessity, a veteran's successor in interest must litigate to obtain a nunc pro tunc judgment on his behalf.").

Mr. Rickett died on December 27, 2011, before the March 2013 en banc order was issued, and no one has sought substitution in this appeal as a potential accrued benefits-recipient. When the appellant died, the case was not fully submitted but, in fact, was in its infancy. The death occurred before the case was submitted to the en banc Court, before briefing on the merits was completed, and before the JMR was filed. The case was not fully submitted until the JMR was filed, which was more than two years *after* Mr. Rickett died. *See Phillips*, 581 F.3d at 1368 (holding that the case was fully submitted prior to the veteran-claimant's death where the veteran-claimant died two days *after* a JMR was filed with the Court and stating that "[w]hile the Veterans Court may elect to recall its mandate when it discovers that the veteran-claimant died before the issuance of the court's judgment," the proper course in a case such as Mr. Phillips's, in which the case was fully submitted prior to the veteran-claimant's death, and subject to his daughter being entitled to substitute for purposes of prosecuting her father's EAJA claim, is for the court to issue its judgment *nunc pro tunc* as of the date of death). Accordingly, the Court must withdraw, in addition to its prior actions on the JMR and EAJA application, its March 12, 2013, en banc order, vacate the November 5, 2008, Board decision underlying the appeal, and dismiss the appeal for lack of jurisdiction. *See Leavey*, __Vet.App. at __, 2015 WL 136642, at *1. The Court will undoubtedly have the opportunity to address the issue initially presented in *Rickett*.

Although our dissenting colleagues attempt to distinguish the Court action here from the action taken in *Leavey* based on the en banc order in this case being "procedural," the characterization fails to acknowledge that the en banc order in *Rickett* was akin to a dispositive order in that it disposed of a substantive legal matter by accepting a misfiled NOA and was the basis for allowing the appeal to proceed. The en banc order cannot fairly be grouped with purely procedural orders, such as those granting a motion for an extension or staying proceedings in a case.[1]

---

[1] Our dissenting colleagues agree that vacatur of the underlying Board decision based on the death of the appellant is appropriate, yet they would leave as precedent a decision that determined that the NOA from that same Board decision was timely filed. Allowing the en banc decision on the NOA to stand is not only inconsistent with dismissing the appeal and vacating the underlying Board decision, it is also inconsistent with the Court's precedent recognizing that an order or decision issued after a case or controversy has ceased to exist is jurisdictionally improper and, hence, a nullity. *See Briley v. Shinseki*, 25 Vet.App. 196, 197-98 (2012) (discussing the Article III jurisdictional limitations adopted by the Court and the constitutional prohibition against issuing advisory opinions); *Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) ("[W]hen a once live case or controversy becomes moot, the Court lacks jurisdiction . . . [and the] case [is] dismissed.").

Additionally, although our dissenting colleagues advocate allowing the en banc order to stand even though the appellant died years before that order was issued, they do so without discussing any caselaw that forecloses issuing the

3

As a final matter, in the November 21, 2014, single-judge order, the Court ordered counsel for Mr. Rickett to show cause why she should not be sanctioned or subject to disciplinary action for continuing to litigate this matter for several years after her client's death.

On November 26, 2014, attorney Simpson responded to the Court's order. She asserted that she should not be subject to sanctions or disciplinary action because she "acted in good faith in continuing to represent [Mr. Rickett] after his death because [she] was at no time during the proceedings before this Court aware of the fact that [Mr. Rickett] had died." Appellant's Nov. 26, 2014, Response at 2. She further stated that she "regularly communicated," primarily by mail, with a person she believed to be Mr. Rickett, that no mail was ever returned to her as undeliverable, and that Mr. Rickett's widow did not inform her of his death. *Id.* at 3. She also noted that Mrs. Rickett sought burial benefits from VA in January 2012, thereby putting the Secretary on notice of Mr. Rickett's death, although the Secretary also did not promptly inform the Court of Mr. Rickett's death. *See id.* at 3-4. Attorney Simpson argued that her history before the Court shows that she regularly informs the Court of her clients' deaths as soon as she learns of them. She also stated that entries in her EAJA application showing telephone conversations with Mr. Rickett after the date of his death were "a result of human error related to time entries entered on [her] timekeeping software." *Id.* at 4. She asserted that she has taken the necessary internal steps to ensure this mistake does not recur.

In light of Attorney Simpson's thoughtful and thorough response, the Court concludes that no sanctions or disciplinary action are necessary or warranted in this matter.

Upon consideration of the foregoing, it is

ORDERED that the March 12, 2013, en banc order of the Court is WITHDRAWN. It is further

ORDERED that the November 5, 2008, Board decision is VACATED. The Court does not disturb the Board's favorable finding that there was new and material evidence to reopen the claim. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.

DATED: March 10, 2015                                                                     PER CURIAM.

KASOLD, *Chief Judge*, with whom PIETSCH and GREENBERG, *Judges*, join, concurring in part and dissenting in part: Almost two years ago, on March 12, 2013, the Court issued an en banc procedural order that equitably tolled the appeal period for appellant's misfiled NOA. As

en banc order nunc pro tunc to the date of Mr. Rickett's death because he died before the case was submitted to the Court and no one seeks substitution in this appeal. *See Padgett*, 473 F.3d at 1369-70.

precedential authority, the en banc order has since provided valuable guidance on misfiled NOAs, and been cited in dozens of cases. Nevertheless, today, under the mistaken pretense of a lack of jurisdiction, the majority withdraws this order, even though neither party has asked the Court to do so.

When an appellant dies during the pendency of his case, absent substitution, the case or controversy is moot, underlying judgments generally are vacated, and the appeal is dismissed. *See Padgett v. Nicholson*, 473 F.3d 1364, 1370 (Fed. Cir. 2007) (citing *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39 (1950)). But there is no legal requirement – in *Munsingwear* or elsewhere – that all procedural orders issued in the case must be withdrawn. *See Munsingwear*, 340 U.S. at 39 (discussing the vacation of "the judgment below"). In fact, I am aware of no case – except this one – where an appellant's death has prompted us to comb through the docket, unearth nondispositive procedural orders that had been issued in the case, and withdraw them. Although the majority cites *Leavey* for the proposition that we will withdraw substantive orders issued after an appellant's death, *Leavey* withdrew the Court's decision on the merits; it did not withdraw any procedural orders that had issued prior to the ultimate merits decision, as the majority does here. *See Leavey v. McDonald*, __ Vet.App. __, __, No. 12-1883, 2015 WL 136642, at *1 (Jan. 12, 2015) (en banc) (withdrawing 2014 WL 6065599 (Nov. 14, 2014) (en banc)).

Contrary to the majority's view, the decision to withdraw prior orders is not compelled by a lack of jurisdiction; it "is an equitable one." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994); *see id.* at 24 ("From the beginning we have disposed of moot cases in the manner most consonant to justice . . . in view of the nature and character of the conditions which have caused the case to become moot." (internal quotation marks omitted)). This equitable determination is based on factors such as prejudice to the parties (or a future party) and the public interest. *See id.* at 26 ("As always when federal courts contemplate equitable relief, our holding must also take account of the public interest.").

Here, neither party has requested withdrawal of the en banc order. Moreover, as noted above, this order has been the basis for equitably tolling the appeal period in a number of cases involving veterans' misfiled NOAs, and has provided important precedent to our equitable tolling caselaw. According to the U.S. Supreme Court, "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id.* But for an erroneous view that the order must be withdrawn because the Court lacked jurisdiction, the majority here has not explained why the public interest is served by a vacatur of the en banc procedural order, or why it is appropriate to sua sponte decide, without input from the parties, to withdraw a presumptively correct and valuable judicial precedent.

In sum, I agree that the appeal should be dismissed and the underlying Board decision vacated based on the appellant's death, and I concur in that portion of the Court's order. But neither the law nor reason compels the withdrawal of the Court's March 12, 2013, procedural order, and I dissent from that portion of the Court's order.