KASOLD, Chief Judge,
with whom PIETSCH and GREENBERG, Judges, join, concurring in part and dissenting in part:
Almost two years ago, on March 12, 2013, the Court issued an en bane procedural order that equitably tolled the appeal period for appellant’s misfiled NOA. As precedential authority, the en banc order has since provided valuable guidance on misfiled NOAs, and been cited in dozens of cases. Nevertheless, today, under the mistaken pretense of a lack of jurisdiction, the majority withdraws this order, even though neither party has asked the Court to do so.
When an appellant dies during the pendency of his case, absent substitution, the case or controversy is moot, underlying judgments generally are vacated, and the appeal is dismissed. See Padgett v. Nicholson, 473 F.3d 1364, 1370 (Fed.Cir.2007) (citing United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 *245 L.Ed. 36 (1950)). But there is no legal requirement — in Munsingwear or elsewhere — that all procedural orders issued in the case must be withdrawn. See Munsingwear, 340 U.S. at 39, 71 S.Ct. 104 (discussing the vacation of “the judgment below”)- In fact, I am aware of no case— except this one — -where an appellant’s death has prompted us to comb through the docket, unearth nondispositive procedural orders that had been issued in the case, and withdraw them. Although the majority cites Leavey for the proposition that we will withdraw substantive orders issued after an appellant’s death, Leavey withdrew the Court’s decision on the merits; it did not withdraw any procedural orders that had issued prior to the ultimate merits decision, as the majority does here. See Leavey v. McDonald, 27 Vet.App. 226 (2015) (en banc) (withdrawing 2014 WL 6065599 (Nov. 14, 2014) (en banc)).
Contrary to the majority’s view, the decision to withdraw prior orders is not compelled by a lack of jurisdiction; it “is an equitable one.” U.S. Bancorp Mortg. Co. v. Bonner Mall P’ship, 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994); see id. at 24, 115 S.Ct. 386 (“From the beginning we have disposed of moot cases in the manner most consonant to justice ... in view of the nature and character of the conditions which have caused the case to become moot.” (internal quotation marks omitted)). This equitable determination is based on factors such as prejudice to the parties (or a future party) and the public interest. See id. at 26 (“As always when federal courts contemplate equitable relief, our holding must also take account of the public interest.”).
Here, neither party has requested withdrawal of the en banc order. Moreover, as noted above, this order has been the basis for equitably tolling the appeal period in a number of eases involving veterans’ misfiled NOAs, and has provided important precedent to our equitable tolling caselaw. According to the U.S. Supreme Court, “[j judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vaca-tur.” Id. But for an erroneous view that the order must be withdrawn because the Court lacked jurisdiction, the majority here has not explained why, the public interest is served by a vacatur of the en banc procedural order, or why it is appropriate to sua sponte decide, without input from the parties, to withdraw a presumptively correct and valuable judicial precedent.
In sum, I agree that the appeal should be dismissed and the underlying Board decision vacated based on the appellant’s death, and I concur in that portion of the Court’s order. But neither the law nor reason compels the withdrawal of the Court’s March 12, 2013, procedural order, and I dissent from that portion of the Court’s order.