PIETSCH, Judge,
concurring in the result:
I concur with all parts of the majority’s decision except for its discussion regarding due diligence. At oral argument, the Secretary withdrew the due diligence arguments he made in his brief and conceded that if the Court had determined that the appellant timely misfiled an NOA, then due diligence is established. Oral Argument at 25:09, Threatt v. McDonald, U.S. Vet.App. No. 15-0835 (argued Jan. 14, 2016), http://www.uscourts.cavc.gov/oraL arguments_audio.php. I would have accepted the Secretary’s concession without further comment.
As well, I fear the ramifications of the decision as it currently stands. I believe that the majority’s conclusion that due diligence is established as a matter of law is restricted to the narrow fact pattern presented here. The majority’s decision, however, may provide a precedential basis for extending its bright line due diligence rule to all timely-misfiling cases. That concerns me because the question whether due diligence is established as a matter of law in timely-misfiling cases is a difficult one that this Court has struggled to answer.
Due diligence in timely-misfiling cases featured prominently in an en banc decision issued by this Court just 3 years ago. See Rickett v. Shinseki, 26 Vet.App. 210 (2013). Over strong dissents, the majority in Rickett decided that due diligence in timely-misfiling cases is judged by the totality of the circumstances and generally is not established as a matter of law, and the Rickett majority spent many paragraphs explaining that its ruling comports with the Federal Circuit precedent that the majority in this case cites. Id. at 220-23.
The Rickett decision is no longer good law. But that is because the Court was forced to withdraw it for procedural reasons, not because it was overturned, and the due diligence issue it resolved is now unsettled. See Rickett v. McDonald, 27 Vet.App. 240 (2015). I am concerned that the majority decision here, limited though it may be, establishes precedent that will significantly affect an issue that was heavily contested by the full Court in Rickett.[1] I do not think it prudent to turn loose a decision that may effectively resolve an *65 issue that divided the full Court, particularly when we have a concession in hand.

. This case well demonstrates how a rule stating that due diligence is established as a matter of law in all cases where an NOA is timely misfiled can lead to problematic results. The majority allowed the appellant to enjoy access to this Court on the basis of an NOA he filed in 2003 without requiring him to demonstrate that he has pursued his claim during the more than a dozen years that have passed between then and now. In other words, the majority’s opinion may be read to suggest that a prospective appellant is allowed to timely misfile an NOA, do nothing for more than a decade, and still receive judicial review of his claim. That is proof once more that equitable remedies and bright line rules do not interact well,